United States District Court
For the Northern District of California

1
2
3
4
5          UNITED STATES DISTRICT COURT

6          NORTHERN DISTRICT OF CALIFORNIA

7

8   TERRELL D. CURRY,                          No. C 07-775 MHP (pr)

9          Plaintiff,                          **ORDER OF DISMISSAL WITH
                                               LEAVE TO AMEND**
10      v.

11   JAMES TILTON; et al.,

12          Defendants.
                                    /
13

14                          **INTRODUCTION**

15      Terrell Curry, an inmate at the Salinas Valley State Prison, filed this pro se civil rights

16   action under 42 U.S.C. § 1983, the Americans with Disabilities Act of 1990, 42 U.S.C.§

17   12101 et seq. ("ADA"), and Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq.  His

18   complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

19                          **BACKGROUND**

20      In his complaint, Terrell Curry alleges the following:

21      In about 1997, Curry suffered an injury that resulted in paralysis of his right arm.

22   That arm paralysis prevents him from doing several major life activities.  He arrived in the

23   California Department of Corrections and Rehabilitation prison system in 2001.  After

24   experiencing problems due to his disability, he submitted a CDC-1824 reasonable

25   modification or accommodation request form on June 26, 2002.  The CDC-1824 was

26   partially granted in July 2002.

27      He was transferred to Salinas Valley State Prison in September 2002, and was given

28   some code in the disability placement program that allowed him to receive accommodations.

**United States District Court**
For the Northern District of California

1   One of the accommodations was inmate assistance from the inmate assistance worker

2   program ("IAWP").  The IAWP assigns specific inmates as a job to help disabled inmates to

3   obtain access to the programs, services and activities at the prison.  Curry received assistance

4   from the IAWP until December 30, 2004.

5       On or about December 30, 2004, defendants Lee, Bowman and Kates intentionally

6   removed Curry from the disability placement program.  As a result, he no longer received

7   assistance from the IAWP.  The change occurred without Curry having been examined and

8   without his medical file having been reviewed.

9       From about January 2005 until October 2006, Curry's access to prison programs,

10  services and activities was restricted due to his unaccommodated disability.  His access to the

11  prison canteen, the laundry exchange window, and the law library and his cell moves were

12  made more difficult due to his unaccommodated inability to carry heavy objects.  He was

13  denied assistance when he needed help carrying heavy things during this time period.

14      Curry filed a CDC-602 inmate appeal on or about September 27, 2005, that eventually

15  was converted to a CDC-1824 reasonable accommodation request.  Defendants Bowman and

16  Kates denied the requested assistance and defendant Lee authorized the denial of the

17  requested assistance.  His further appeal efforts were denied at the CDC Director's level.

18      Former CDCR director Hickman and current CDCR director Tilton have

19  unconstitutional policies, practices and procedures "established of discriminating & denying

20  all upper extremity disabled inmates" access to the disability placement program.  Complaint,

21  Curry Decl., p. 5.

22      On April 4, 2006, Curry was carrying legal materials while restrained in handcuffs as

23  he went to he law library, escorted by defendant correctional officer Caropreso.  Curry told

24  Caropreso that he had a chrono (i.e., a permission slip) and needed waist-chain handcuffs that

25  would have put his hands at his side, but Caropreso didn't change the handcuffs and refused

26  to get help to carry Curry's legal materials.  When Caropreso was escorting him down the

27  stairs, Curry lost his balance and fell.  He hurt his leg, back, shoulder and head.  Curry

28  attributes the fall at least in part to having the wrong kind of handcuffs and not being held by

United States District Court
For the Northern District of California

1  Caropreso as he descended the stairs.  Defendants M.S. Evans and G. Ponder were

2  responsible for but failed to properly train Caropreso about escorting inmates down stairs.

3       On or about October 2, 2006, Curry submitted a CDC-1824 form again explaining the

4  assistance he needed due to his arm problems.  On October 18, 2006, defendants Bowman,

5  Kates and Lee authorized the accommodation he requested.  A medical chrono was issued to

6  him soon thereafter and he "now receive[s] the help needed for [his] disability."  Id. at 8.

7                                    **DISCUSSION**

8  A.     Standards For Review Of Complaint

9       A federal court must engage in a preliminary screening of any case in which a

10  prisoner seeks redress from a governmental entity or officer or employee of a governmental

11  entity.  See 28 U.S.C. §1915A(a).  The court must identify any cognizable claims, and

12  dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

13  be granted, or seek monetary relief from a defendant who is immune from such relief.  See

14  28 U.S.C. §1915A(b)(1),(2).

15  B.     The Claims

16       1.     ADA, Rehabilitation Act and § 1983 Claims - Failure To Accommodate

17       Title II of the ADA provides that "no qualified individual with a disability shall, by

18  reason of such disability, be excluded from participation in or be denied the benefits of the

19  services, programs, or activities of a public entity, or be subjected to discrimination by any

20  such entity."  42 U.S.C. § 12132.  To state a claim under Title II of the ADA, a plaintiff must

21  allege four elements: (1) that he is an individual with a disability; (2) that he is otherwise

22  qualified to participate in or receive the benefit of some public entity's services, programs, or

23  activities; (3) that he was either excluded from participation in or denied the benefits of the

24  public entity's services, programs or activities, or was otherwise discriminated against by the

25  public entity; and (4) that such exclusion, denial of benefits, or discrimination was by reason

26  of the plaintiff's disability.  See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); cf.

27  Olmstead v. Zimring, 527 U.S. 581, 589-91 (1999) (essentially same showing required to

28  state cause of action under Section 504 of the Rehabilitation Act).

United States District Court
For the Northern District of California

1       Although § 12132 does not expressly provide for reasonable accommodations, one of

2   the implementing regulations does: "A public entity shall make reasonable modifications in

3   policies, practices, or procedures when the modifications are necessary to avoid

4   discrimination on the basis of disability, unless the public entity can demonstrate that making

5   the modifications would fundamentally alter the nature of the service, program, or activity."

6   28 C.F.R. § 35.130(b)(7).

7       Monetary damages are not available under Title II of the ADA absent a showing of

8   discriminatory intent. See Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998).

9   To show discriminatory intent, a plaintiff must establish deliberate indifference by the public

10  entity. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). Deliberate

11  indifference requires: (1) knowledge that a harm to a federally protected right is substantially

12  likely, and (2) a failure to act upon that likelihood. Id. at 1139. The first prong is satisfied

13  when the plaintiff identifies a specific, reasonable and necessary accommodation that the

14  entity has failed to provide, and the plaintiff notifies the public entity of the need for

15  accommodation or the need is obvious or required by statute or regulation. Id. The second

16  prong is satisfied by showing that the entity deliberately failed to fulfill its duty to act in

17  response to a request for accommodation. Id. at 1139-40. The entity's duty is to undertake a

18  fact-specific investigation to gather from the disabled individual and qualified experts

19  sufficient information to determine what constitutes a reasonable accommodation, giving

20  "primary consideration" to the requests of the disabled individual. Id. The second prong is

21  not satisfied if the failure to fulfill this duty to accommodate results from mere negligence.

22  Id.

23      The problem with Curry's complaint as to the ADA claim and the Rehabilitation Act

24  claim is that he has not named a proper defendant. All of the named defendants are

25  individuals who evaluated his requests, processed inmate appeals or were policy-makers.

26  However, individuals cannot be sued directly under the ADA. See Alsbrook v. City of

27  Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) ("Title II provides disabled individuals

28  redress for discrimination by a 'public entity.' See 42 U.S.C. § 12132. That term, as it is

4

**United States District Court**
For the Northern District of California

1   defined within the statute, does not include individuals.  See 42 U.S.C. § 12131(1)."); see

2   also Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002).  Here, the "public entity" that

3   allegedly discriminated against Curry would have been Salinas Valley State Prison or the

4   CDCR or both.  State correctional facilities are "public entities" within the meaning of the

5   ADA.  See 42 U.S.C. § 12131(1)(A) & (B); Pennsylvania Dep't of Corrections v. Yeskey,

6   524 U.S. 206, 210 (1998).  If Curry wants to pursue an ADA and/or Rehabilitation Act claim

7   against these public entities, he must file an amendment to his complaint adding them as

8   defendants and alleging his claims against the public entities.  The 1st, 2nd, and 3d claims

9   against the individual defendants are dismissed.  The 1st, 2nd and 3d claims in the complaint

10  are dismissed with leave to amend to name proper defendants.

11          The complaint does not state a claim under 42 U.S.C. § 1983 for deliberate

12  indifference to Curry's medical needs based on the alleged denial of an accommodation from

13  December 2004 through October 2006.  Curry does not allege any unmet need for medical

14  treatment of his paralyzed arm.  Instead, he alleges an unmet need for prison officials to

15  provide an assistant to help him function and carry heavy objects.  The existence of a

16  potential ADA claim does not save Curry's section 1983 claim because "a plaintiff cannot

17  bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to

18  vindicate rights created by Title II of the ADA."  Vinson, 288 F.3d at 1156.   The 4th, 5th,

19  and 6th claims for relief in the complaint are therefore dismissed.

20          2.      The Trip And Fall Claims

21          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that

22  a right secured by the Constitution or laws of the United States was violated, and (2) that the

23  violation was committed by a person acting under the color of state law.  See West v. Atkins,

24  487 U.S. 42, 48 (1988).

25          Deliberate indifference to a serious risk of harm to a prisoner violates the Eighth

26  Amendment's proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429

27  U.S. 97, 102-04 (1976); Frost v. Agnos, 152 F.3d 1124, 1128-29 (9th Cir. 1998).  A prison

28  official is deliberately indifferent if he knows that a prisoner faces a substantial risk of

**United States District Court**
For the Northern District of California

1    serious harm and disregards that risk by failing to take reasonable measures to abate it.  See

2    Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994).

3          Liberally construed, the complaint states a claim for relief for deliberate indifference

4    to a serious risk of harm to Curry based on the allegations regarding the trip-and-fall incident

5    on April 4, 2006.  The complaint states a claim against correctional officer Caropreso by

6    alleging that Caropreso refused to act when Curry alerted Caropreso that he needed a

7    different kind of handcuffs and needed help carrying his legal materials due to his paralyzed

8    arm as well as failed to hold on to Curry as he descended the stairs.  The complaint also

9    states a claim for relief against defendants Evans and Ponder based on his allegations that

10   they failed to train Caropreso.  See Jeffers v. Gomez, 267 F.3d 895, 914-16 (9th Cir. 2001).

                                   **CONCLUSION**

12         For the foregoing reasons, the complaint is dismissed with leave to amend to name a

13   proper defendant for the ADA and Rehabilitation Act claims.  Curry must file an amendment

14   to his complaint no later than **October 26, 2007** to name the public entities as defendants and

15   to allege discriminatory action by those entities if he wishes to sue them under the ADA and

16   Rehabilitation Act.  Failure to file an amendment to the complaint by the deadline will result

17   in the dismissal of those claims.

18         IT IS SO ORDERED.

19   Dated: September 20, 2007                          _____

20                                               Marilyn Hall Patel
                                                 United States District Judge

21

22

23

24

25

26

27

28

6