1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERRELL D. CURRY,                           No. C 07-775 MHP (pr)

              Plaintiff,                    **ORDER OF SERVICE**

        v.

JAMES TILTON; et al.,

              Defendants.
_____/

        Terrell Curry, formerly an inmate at the Salinas Valley State Prison, filed this pro se
civil rights action under 42 U.S.C. § 1983, the Americans with Disabilities Act of 1990, 42
U.S.C.§ 12101 et seq. ("ADA"), and Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq.  The
court reviewed the original complaint and dismissed it with leave to amend.  The court found
that the complaint stated a claim for relief under § 1983 as to defendants Caropreso, Evans
and Ponder for deliberate indifference to a risk to Curry's safety.  The court further
determined that the ADA / Rehabilitation Act claim was deficient in that Curry had not
named a proper defendant.  The court granted leave to amend the ADA / Rehabilitation Act
claim to name proper defendants.  Curry then filed an amendment to the original complaint,
in which he named two defendants on his ADA / Rehabilitation Act claim: the California
Department of Corrections and Rehabilitation, and Salinas Valley State Prison.  Now that
plaintiff has the proper defendants for the claim, the court will order service of process on the
defendants.

In order to move this case toward resolution, the court orders:

1.      Plaintiff's complaint, as amended, states claims for relief (1) against the California Department of Corrections and Rehabilitation and against Salinas Valley State Prison under the ADA and Rehabilitation Act for failing to accommodate his disability, and (2) against correctional officer Caropreso, warden M.S. Evans, and facility captain G. Ponder for deliberate indifference to inmate safety.  All other claims and defendants are dismissed.

2.      The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and amendment, a copy of this order, and a copy of all the other documents in the case file upon the following five defendants:

- California Department of Corrections and Rehabilitation,
- Salinas Valley State Prison,
- M.S. Evans (warden at Salinas Valley State Prison),
- G. Ponder (facility captain at Salinas Valley State Prison),
- J. Caropreso (correctional officer at Salinas Valley State Prison).

3.      In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a.      No later than **June 5, 2009**, defendants must file and serve a motion for summary judgment or other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **July 10, 2009**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

The defendants may make a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  [¶]  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn

2

1   testimony), you cannot simply rely on what your complaint says.  Instead, you must
2   set out specific facts in declarations, depositions, answers to interrogatories, or
3   authenticated documents, as provided in Rule 56(e), that contradict the facts shown in
    the defendants' declarations and documents and show that there is a genuine issue of
4   material fact for trial.  If you do not submit your own evidence in opposition,
    summary judgment, if appropriate, may be entered against you.  If summary judgment
5   is granted, your case will be dismissed and there will be no trial.  (See Rand v.
    Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).)
6
            c.      If defendants wish to file a reply brief, the reply brief must be filed and
7
    served no later than **July 31, 2009**.
8
            4.      All communications by plaintiff with the court must be served on a defendant's
9
    counsel by mailing a true copy of the document to defendant's counsel.  The court may
10
    disregard any document which a party files but fails to send a copy of to his opponent.  Until
11
    a defendant's counsel has been designated, plaintiff may mail a true copy of the document
12
    directly to defendant, but once a defendant is represented by counsel, all documents must be
13
    mailed to counsel rather than directly to that defendant.
14
            5.      Discovery may be taken in accordance with the Federal Rules of Civil
15
    Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local
16
    Rule 16 is required before the parties may conduct discovery.
17
            6.      Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep
18
    the court informed of any change of address and must comply with the court's orders in a
19
    timely fashion.  Failure to do so may result in the dismissal of this action for failure to
20
    prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of
21
    change of address in every pending case every time he is moved to a new facility.
22
            7.      Plaintiff is cautioned that he must include the case name and case number for
23
    this case on any document he submits to this court for consideration in this case.
24
            IT IS SO ORDERED.
25
    Dated: February 27, 2009                    _____
26                                               Marilyn Hall Patel
                                                 United States District Judge
27

28