United States District Court
For the Northern District of California

1

2

3

4

5          UNITED STATES DISTRICT COURT

6          NORTHERN DISTRICT OF CALIFORNIA

7

8  TERRELL D. CURRY,                              No. C 07-775 MHP (pr)

9          Plaintiff,                            **ORDER DENYING MOTION TO**
                                                 **DISMISS AND SETTING SCHEDULE**
10         v.

11  JAMES TILTON; et al.,

12         Defendants.
                                        /
13

14  A.    Motion To Dismiss

15         Defendants have moved to dismiss this action due to misjoinder, contending that

16  plaintiff has "improperly asserted unrelated claims against different Defendants" and "failed

17  to allege that Defendants participated in the same transaction or series of transactions or to

18  allege that there is a question of fact that is common to all Defendants."  Motion To Dismiss,

19  pp. 1-2, citing Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure.  Plaintiff has

20  opposed the motion.

21         In this action, Curry has asserted claims for an alleged ADA/Rehabilitation Act

22  violation, as well as for deliberate indifference to his safety.  The claims are connected.  The

23  complaint, as amended, alleged that from about December 30, 2004 until about October

24  2006, defendants SVSP and CDCR denied plaintiff a reasonable accommodation for his right

25  arm paralysis that made it difficult/impossible to lift things.  The  complaint, as amended,

26  also alleged that plaintiff fell down the stairs and hurt himself on April 4, 2006 while

27  carrying materials and while restrained in handcuffs.  At the time of the fall, plaintiff

28  allegedly was being escorted by defendant correctional officer Caropreso, who (a) had

United States District Court
For the Northern District of California

1  refused to get help to carry Curry's paperwork, (b) had refused to change the handcuffs

2  despite Curry's statement that he had a chrono for waist-chain handcuffs that would have put

3  his hands at his side, and (c) was not holding on to Curry when Curry descended the stairs.

4  In his deliberate indifference claim, Curry attributes the fall on the stairs at least in part to

5  having the wrong kind of handcuffs and not being held by Caropreso as he descended the

6  stairs.  He also claimed that defendants Evans and Ponder were responsible for but failed to

7  properly train Caropreso about escorting inmates down stairs.

8        To join defendants together in one action, the complaint must meet two specific

9  requirements: (1) a right to relief must be asserted "against them jointly, severally, or in the

10  alternative with respect to or arising out of the same transaction, occurrence, or series of

11  transactions or occurrences;" and (2) the action must raise a question of fact or law common

12  to all defendants.   See Fed. R. Civ. P. 20(a).

13        Defendants correctly argue that a plaintiff may not join together unrelated claims, but

14  incorrectly assert that plaintiff's claims against the two sets of defendants are unrelated.

15  Plaintiff's ADA/Rehabilitation Act claim spans a greater time period than his deliberate

16  indifference to safety claim, but part of the ADA/Rehabilitation Act claim overlaps with the

17  deliberate indifference to safety claim and arises out of the same occurrence.  Adjudication of

18  plaintiff's claim about the fall on the stairs raises questions about whether it was due to the

19  failure to accommodate his disability *and/or* the individual defendants' deliberate

20  indifference, as plaintiff alleges that he was at the time of the fall carrying legal materials

21  (thus raising the possibility that his unaccommodated disability contributed to or caused the

22  fall) as well as that he was in the wrong kind of mechanical restraints and was not being held

23  by the escorting officer (thus raising the possibility that the individual defendants' deliberate

24  indifference to the risk to his safety contributed to or caused the fall).  The possibility that

25  one set of defendants may be liable and the other may not be liable for the fall does not

26  compel severance of the claims.  In fact, Rule 20(a)(2)(A) contemplates it as an instance in

27  which joinder would be proper: defendants may be joined where a right to relief is asserted

28  against them "jointly, severally *or in the alternative.*"  The claim about the fall on the stairs

2

**United States District Court**
For the Northern District of California

1   also will raise at least one question of fact common to the defendants:  what caused plaintiff

2   to fall down the stairs?  It would not promote judicial economy to have one trial to determine

3   whether plaintiff fell due to the unaccommodated disability and another trial to determine

4   whether plaintiff fell due to the failure to hold him and to provide a particular type of

5   mechanical restraints.  Defendants' motion to dismiss is DENIED.  (Docket # 22.)

6   B.      Scheduling

7          In order to move this case toward resolution, the court sets the following schedule:

8          1.      No later than **August 27, 2010**, plaintiff and defendants must propound any

9   written discovery requests (e.g., requests for production of documents, interrogatories, and

10   requests for admissions) they wish to make on each other.

11          2.      If defendants wish to take plaintiff's deposition, they must do so no later than

12   **September 17, 2010**.

13          3.      All discovery must be completed no later than **November 5, 2010**. Plaintiff is

14   cautioned that the court generally is not involved in the discovery process and only becomes

15   involved when there is a dispute between the parties about discovery responses.  Discovery

16   requests and responses normally are exchanged between the parties without any copy sent to

17   the court.  See Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not"

18   be filed with the court until they are used in the proceeding or the court orders otherwise).

19          4.      Any motion to compel discovery must be filed and served by **November 5,**

20   **2010**.  If a motion to compel is filed, any opposition to it must be filed and served no later

21   than **fourteen days** after the motion is filed and any reply in support of the motion must be

22   filed and served no later than **fourteen days** after the opposition is filed.   The parties are

23   reminded that they must make a good faith effort to meet and confer to attempt to resolve any

24   discovery dispute before filing any motion to compel.

25          5.      Any motion for summary judgment (or other dispositive motion) must be filed

26   and served no later than **December 17, 2010**.

27          6.      Any opposition to the dispositive motion must be filed and served no later than

28   **January 21, 2011**.  Plaintiff is cautioned to read the notice regarding summary judgment

1   motions in the order of service as he prepares any opposition to a motion for summary

2   judgment.

3          7.        Any reply brief in support of the motion must be filed and served no later than

4   **February 4, 2011**.

5          IT IS SO ORDERED.

6   Dated: July 28, 2010                              _____

7                                                     Marilyn Hall Patel
                                                      United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California